# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT THOMAS HALL,<br><br>Defendant. | CR 25-80-BLG-WWM-2<br><br><br>ORDER RESETTING<br>SENTENCING DEADLINES |

On January 13, 2026, Defendant Scott Thomas Hall filed an unopposed Motion to Continue Sentencing Hearing and Reset Pre-Sentencing Hearing Deadlines. (Doc. 61). In his motion, Defendant's counsel requested this Court to continue the sentencing hearing and reset all associated deadlines. (Doc. 61 at 1). The basis for the motion for additional time is to allow submission of objections by Defendant to the Presentence Investigation Report (PSR). (*Id.*)

The current schedule can be modified to achieve Defendant's goals without moving the sentencing hearing, which is scheduled for February 26, 2026, at 1:00 p.m. (*See* Doc. 55). Therefore, **IT IS HEREBY ORDERED** that the deadlines shall be reset as follows:

1

1.  In accordance with USSG § 6A1.2, after receipt of the presentence report and no later than **January 20, 2026**, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.

2.  The Defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than **January 23, 2026**. Late acceptance letters will not be considered without leave of Court. *But see* Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the Defendant has the right to address the Court orally at sentencing).

3.  The presentence report, in final form, shall be delivered to the Court and the parties no later than **February 4, 2026**.

4.  If objections are made to the draft pre-sentence report by one or both parties that are not resolved and counsel wishes the Court to address them, an objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **February 11, 2026**. The Court will resolve disputes in accordance with U.S.S.G. § 6A1.3 at the sentencing hearing.

5.     If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **February 19, 2026**, of the identity of the witness as well as the scope, purpose, and anticipated duration of the intended testimony.  The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating *ex parte* application for witness subpoenas.  Any victim of the Defendant's criminal conduct must be given an opportunity to testify, *see* Fed. R. Crim. P. 32(i)(4)(B); therefore, the notice provision may not serve to preclude testimony from victims.

6.     Without leave of Court, the Defendant may file no more than ten (10) letters of support.  Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary.  Letters in support shall be filed on or before **February 19, 2026**.

7.     Any responses to sentencing memoranda shall be filed on or before **February 19, 2026**.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 13th day of January, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE